FILED

2013 NOV 13 PM 12:19

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA FLORIDA

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TIMOTHY CARSON,

    Plaintiff,

CASE NO.: 8:13cv2884 27 EAS

-VS-

RESOLVE SOLUTION SERVICES
CORPORATION d/b/a RESOLVE,

JURY TRIAL DEMANDED

    Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

3. The alleged violations described in the Complaint occurred in Hernando County, Florida.

## FACTUAL ALLEGATIONS

4. Plaintiff is a natural person, and citizen of the State of Florida, residing in Hernando County, Florida

5. Plaintiff is a "consumer" as defined in Florida Statute 559.55(2) and 15 U.S.C. §1692(a)(3).

6. Plaintiff is an "alleged debtor."

7. Plaintiff is the "called party." See *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012), reh'g denied (May 25, 2012).

1

JBA-20349
$400

8. Defendant, Resolve Solution Services Corporation d/b/a Resolve (hereinafter "Resolve"), is a corporation which was formed in Ohio with its principal place of business at 1425 Greenway Dr., Suite 600, Irving, TX 75038.

9. Defendant is a "debt collector" as defined by Florida Statute §559.55(6) and 15 U.S.C §1692(a)(6).

10. The debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute §559.55(1) and 15 U.S.C. §1692(a)(4).

11. Defendant called the Plaintiff approximately one hundred and twenty-five times (125) over an eight month period, in an attempt to collect a debt.

12. Defendant, Resolve, attempted to collect a debt from the Plaintiff by this campaign of telephone calls

13. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

14. On information and belief, the telephone calls were placed using automated telephone dialing equipment, without human intervention

15. Each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers as specified by 47 U.S.C §227(a)(1).

16. Each call the Defendant made to the Plaintiff's cell phone was done so without the "express permission" of the Plaintiff.

17. In or about the beginning of January 2013, Plaintiff began receiving calls to his cellular telephone, (352) 293-6686, from the Defendant in which seeking payment on a debt pertaining to a "Gerald Lucas."

18. Plaintiff does not currently, nor has ever known, an individual by the name of Gerald Lucas.

19. On multiple occasions the Plaintiff returned or answered the Defendant's call in an effort to inform them of their mistake.

20. Plaintiff on multiple occasions informed the Defendant that he is not Gerald Lucas nor does he know a Gerald Lucas and to please stop calling on him.

21. On most occasions the agents of Defendant would claim they were putting Plaintiff on the Defendant's "do not call list," however the calls never ceased and continued unabated.

22. On a few occasions, the agents of the Defendant plainly admitted they were trying to collect a debt and needed payment, to which Plaintiff would once again claim he was not Gerald Lucas nor does he know a Gerald and to cease calling.

23. The Defendant's continual statements about needing payments on a debt lead Plaintiff to believe they did not care who they got the money from as long as they collected payment from someone regardless of whether the payee was the correct party or not.

24. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of abuse.

25. The continuing calls lead Plaintiff to believe that the Defendant is seeking payment from him and the only way for the calls to stop was for the Plaintiff to pay the debt.

26. Plaintiff has received approximately one hundred and twenty five (125) calls in total from the Defendant, which are continuing through the filing of this complaint.

27. Below is a very small sampling of some of the calls which Plaintiff received from the Defendant:

    i)     8/21/13 at 2:32 pm from 866-464-6355

    ii)     8/22/13 at 12:04 pm from 866-464-6355

    iii)     8/23/13 at 12:04 pm from 866-464-6355

    iv)     8/30/13 at 2:27 pm from 866-464-6355

    v)     9/2/13 at 3:32 pm from 305-809-6170

    vi)     9/19/13 at 8:25 pm from 305-809-6170

28. Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as they did to the Plaintiff's cellular telephone in this case.

29. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, just as they did to the Plaintiff's cellular telephone in this case, with no way for the consumer, or the Defendant, to remove the incorrect number.

30. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite these individuals explaining to the Defendants that they are the wrong party.

31. Defendant's corporate policy provided no means for the Plaintiff to have her number removed from the call list.

32. Defendant has a corporate policy to harass and abuse individuals despite actual knowledge that the called parties do not owe the alleged debt.

33. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

34. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

35. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA)

36. Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

37. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

38. Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

39. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

40. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family.

41. Defendant has violated Florida Statute §559.72(7) by willfully engaging in conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

42. Defendant has violated Florida Statute §559.72(9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate.

43. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violations of the FDCPA)

44. Plaintiff incorporates Paragraphs one (1) through thirty-five (35).

45. At all times relevant to this action, Defendant is subject to and must abide by 15 U.S.C. §1692 et seq.

46. Defendant has violated 15 U.S.C. §1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

47. Defendant has violated 15 U.S.C. §1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

48. Defendant has violated 15 U.S.C. §1692(e)(2)(a) by attempting to collect on a debt from the plaintiff which he does not owe.

49.     Defendant has violated 15 U.S.C. §1692(f) by using unfair an unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for punitive damages, statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

**William Peerce Howard, Esquire**
Florida Bar #:  0103330
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street
Tampa, FL 33602
Tele: (813) 223-5505
Fax:  (813) 223-5402
bhoward@forthepeople.com
*Attorneys for Plaintiff*